### M. J. BREWER *v.* C. MERCKE.

**Married Women—Garnishee.**

A married woman who is a member of a firm indebted to A but who is not empowered to bind herself as provided by the statute, cannot be required to answer as a garnishee at the suit of A's creditors. Not being bound to A she cannot be required to answer to his creditors.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 21, 1875.

OPINION BY JUDGE LINDSAY:

It seems that T. G. Brewer & Co. were indebted to Moore by simple promissory note, in the sum of two hundred fifty dollars.

Mrs. M. J. Brewer was a member of the firm of T. G. Brewer & Co. Upon a rule to show cause why she should not be compelled, as a garnishee, to pay the amount of said note into court, Thomas Brewer responded that at the time the alleged indebtedness to Moore was incurred, and at the time the note to him was executed, and ever since, she was and still continued to be a *feme covert,* and she pleaded and relied on her coverture.

The record shows that the cause was heard upon the sufficiency of this response. There is nothing before us from which it can be inferred that evidence of any kind was heard.

The court adjudged the response insufficient, and the rule against Mrs. Brewer has been made absolute, and an attachment awarded. This was error. Although Mrs. Brewer seems to have been the

partner of her son, it does not appear that she had been empowered to bind herself by contracting as a *feme sole*.

Her contract with Moore was not enforceable, and the note held by him, so far as she is concerned, is a nullity. Her coverture would defeat a recovery by the holder of the note, and the creditors of Moore certainly can claim nothing from Mrs. Brewer that Moore himself could not compel her to pay. The order appealed from is reversed, and the cause remanded with instructions to dismiss the proceedings as to Mrs. Brewer.

*A. L. Pope, for appellant.*
*Green & Kohn, for appellee.*